```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
                                                           :
PABLO RAMIREZ CASTILLO,                                    :
                                                           :
                        Plaintiff,                         :
                                                           :
        - against -                                        :    18-cv-8458 (VSB) (OTW)
                                                           :
BARKING DOG NYC LLC, et al.,                               :           ORDER
                                                           :
                        Defendants.                        :
                                                           :
-----------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/23/2020

VERNON S. BRODERICK, United States District Judge:

On September 17, 2018, Plaintiff Pablo Ramirez Castillo commenced this action by filing a complaint (the "Complaint") against Defendants pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and New York Labor Law ("NYLL"), N.Y. Lab. Law § 650 *et seq.*, seeking damages for violations of the minimum wage and overtime provisions of the FLSA and NYLL and for violations of notice, recordkeeping, and wage statement provisions of the NYLL; as well as reimbursement for expenses relating to the tools of his trade.  (Doc. 1.)

A copy of the Complaint was served on Defendants Barking Dog NYC LLC ("Barking Dog") on September 19, 2018, (Doc. 8), and on Defendant Sokol Kacl ("Kacl") on September 27, 2018, (Doc. 9).  Defendants did not answer or respond to the Complaint, or otherwise appear in this action.  Plaintiff applied for and received a Clerk's Certificate of Default as to both Barking Dog and Kacl.  (*See* Docs. 10–14).  Plaintiff then filed a proposed order to show cause for a default judgment, (Doc. 21), along with a declaration and exhibits, statement of damages, and proposed default judgment, (Docs. 22–24.)  I issued the Order to Show Cause on June 7, 2019, directing Defendants to appear on July 12, 2019 to show cause why a default judgment should not be entered against them.  (Doc. 25.)

Defendants failed to appear at the July 12, 2019, and I issued an order entering default against them.  (Doc. 27.)  I also referred the action to Magistrate Judge Ona T. Wang for an inquest as to damages and attorneys' fees.  (Doc. 28.)  On January 8, 2020, Magistrate Judge Wang issued her Report and Recommendation, recommending that Defendants be held jointly and severally liable to Plaintiff for $36,196 in damages; $2,677.67 in pre-judgment interest plus an additional $3.23 per day from August 17, 2019 to the date of judgment, to be calculated by the Clerk of Court; $3,140 in attorney's fees and costs; and post-judgment interest at the statutory rate pursuant to 28 U.S.C. § 1961.  (Doc. 32, at 15.)  Neither Plaintiff or Defendants filed an objection to the Report and Recommendation.

In reviewing a magistrate judge's report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).  Parties may raise specific, written objections to the report and recommendation within 14 days of being served with a copy of the report.  *Id.*; *see also* Fed. R. Civ. P. 72(b)(2).  When a party submits a timely objection, a district court reviews de novo the parts of the report and recommendation to which the party objected.  28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3).  When neither party submits an objection to a report and recommendation, or any portion thereof, a district court reviews the report and recommendation for clear error.  *Santana v. Comm'r of Soc. Sec.*, No. 17-CV-2648 (VSB) (BCM), 2019 WL 2326214, at *1 (S.D.N.Y. May 30, 2019); *Marte v. Berryhill*, No. 17-CV-3567 (VSB) (JLC), 2018 WL 5255170, at *1 (S.D.N.Y. Oct. 22, 2018); *Lewis v. Zon*, 573 F. Supp. 2d 804, 811 (S.D.N.Y. 2008); *Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003).

Here, although the Report and Recommendation explicitly provided that "[t]he parties

2

shall have fourteen (14) days (including weekends and holidays) from service of this Report to file written objections," (Doc. 32, at 16), neither party filed an objection.  I therefore reviewed Magistrate Judge Wang's thorough and well-reasoned Report and Recommendation for clear error and, after careful review, found none.

Accordingly, I ADOPT the Report and Recommendation in its entirety.  Defendants shall be held jointly and severally liable to Plaintiff for $36,196 in damages; $2,677.67 in pre-judgment interest plus an additional $3.23 per day from August 17, 2019 to the date of judgment, to be calculated by the Clerk of Court; $3,140 in attorney's fees and costs; and post-judgment interest at the statutory rate pursuant to 28 U.S.C. § 1961.

The Clerk's Office is respectfully directed to terminate any open motions, to enter judgment in accordance with this Order, and to close this case.

SO ORDERED.

Dated: September 23, 2020
      New York, New York

Vernon S. Broderick
United States District Judge